UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA KRISTEN MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV 17-7063 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on September 25, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On May 22, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# **PROCEDURAL BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits in July 2015. In both applications, Plaintiff alleged an onset date of June 30, 2015. Administrative Record ("AR") 10. The applications were denied. AR 10, 50, 61. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 2, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 32-49. On May 26, 2017, the ALJ issued a decision denying benefits. AR 7-19. On July 26, 2017, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2020. AR 12. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairments of lumbar and cervical sprain/strain with radiculopathy and left shoulder impingement syndrome. AR 12.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work. She could lift/carry/push/pull up to 20 pounds occasionally and up to 10 pounds frequently; sit, stand or walk for six hours in an eight-hour workday with a sit/stand option; occasionally kneel and squat; and occasionally reach overhead with the left upper extremity. AR 14. Plaintiff could not perform any past relevant work, but there were jobs in significant numbers in the national economy that she could perform such as inspector, assembler and packager. AR 17-19.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Hypothetical to Vocational Expert

Plaintiff argues that the ALJ provided an incomplete hypothetical to the vocational expert.

An ALJ may rely on a vocational expert's testimony in response to a hypothetical that contains all of the limitations that the ALJ found credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). A vocational expert's "recognized expertise provides the necessary foundation for his or her testimony." *Id.* at 1218. "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

The ALJ's hypothetical to the vocational expert tracked his residual functional capacity assessment: "The hypothetical individual could lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently. They could stand and/or walk for six hours in an eight-hour day and sit for six hours in an eight-hour day. They could occasionally kneel and squat and only engage in occasional overhead reaching with the left upper – upper extremity." AR 45. The ALJ added a sit/stand option. *Id.*

The ALJ then questioned Plaintiff as follows:

Q: What is your dominant hand?
A: The left.
Q: Your left hand is your dominant hand. Can you use it to sign your signature and things, like, that?
A: Yeah, I can – I can move it like this but I can't lift it.
Q: You can't lift it? Okay. Yeah, it's the overhead reaching okay.

AR 46. Plaintiff's attorney did not ask any questions of the vocational expert. *Id.*

Plaintiff nevertheless argues that the ALJ erred in his hypothetical because he gave "significant weight" to the opinion of the examining physician, Dr. Tamayo, yet failed to incorporate Dr. Tamayo's opinion that Plaintiff could lift, carry, push and pull 20

pounds occasionally and 10 pounds frequently "mostly with the right arm." AR 17, 313. The ALJ noted that, upon examination, Dr. Tamayo observed a normal gait, some limitation in range of motion, positive straight leg raise on the left, left shoulder pain with range of motion testing, normal range of motion in the lower extremities, full motor strength and intact sensation. AR 16-17.

      The ALJ questioned Plaintiff about her limitation with the left hand at the hearing and concluded that the limitation related to overhead reaching. AR 46. The ALJ gave significant weight to the state consulting physician who had reviewed Plaintiff's medical records including Dr. Tomayo's report. AR 16. The state consulting physician noted Dr. Tomayo's reports of Plaintiff's grip strength with each hand and her left shoulder pain and stiffness. AR 66. The state consulting physician concluded that Plaintiff was capable of light work. AR 16, 68. The ALJ also gave some weight to the opinion of Plaintiff's workers compensation physician but specifically rejected his left shoulder restrictions as "overly limiting." AR 17. That physician had precluded Plaintiff from repetitive activities at or above the shoulder level with the left arm. The ALJ rejected that limitation due to the evidence that Plaintiff "retains some functioning in her left shoulder." AR 17. Accordingly, the court does not infer from the ALJ's decision that he intended to incorporate a restriction to light work using mostly one arm. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting that although ALJ "did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because,'" court is "not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion"; "It is proper for us to read the paragraph discussing Dr. Pont's findings and opinion, and draw inferences relevant to Dr. Fox's findings and opinion, if those inferences are there to be drawn.").

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: June 6, 2018

ALICIA G. ROSENBERG
United States Magistrate Judge